Filed 1/21/22  P. v. Smith CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>HARUN O'NEAL SMITH,<br><br>    Defendant and Appellant. | B296349<br><br>Los Angeles County<br>Super. Ct. No. A628424 |

APPEAL from an order of the Superior Court of Los Angeles County, John J. Lonergan, Judge. Affirmed.

Roberta Simon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Zee Rodriguez and Wyatt E. Bloomfield, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

In 1984, defendant and appellant Harun O'Neal Smith pled guilty to second degree murder and robbery. In 2019, Smith filed a petition for resentencing under Penal Code section 1170.95.[1] The trial court summarily denied the petition, concluding Smith was ineligible for relief as a matter of law because the record of conviction showed he was the actual killer. On appeal, he argues the trial court erred by summarily denying his petition without issuing an order to show cause and holding an evidentiary hearing. He also argues the court prejudicially erred by denying his petition without first appointing counsel. We reject these contentions and affirm the order denying Smith's petition.

# PROCEDURAL BACKGROUND

In 1984, Smith pled guilty to second degree murder (§ 187, subd. (a)) and robbery (§ 211) and admitted firearm use and great bodily injury allegations with respect to both counts (§§ 12022.5, 12022.7). The trial court sentenced him to an indeterminate term of 15 years to life for the murder, plus a two-year determinate term for the robbery. In an unpublished opinion, a different panel of this court affirmed the judgment. (*People v. Smith* (February 7, 1986, B013487) [nonpub. opn.].)

In 2019, Smith filed a petition for resentencing under section 1170.95. In his petition, he requested that counsel be appointed on his behalf. Without appointing counsel, the trial court summarily denied the petition, concluding Smith was ineligible for relief as a matter of law because the record of

---

[1] All undesignated statutory references are to the Penal Code.

conviction showed he was the lone defendant, pled guilty to murder, and admitted weapon use and great bodily injury allegations. Smith timely appealed.

On January 22, 2020, this court issued an order to the trial court to settle the record and prepare a settled statement. On October 28, 2020, the trial court issued its settled statement, which clarified Smith was ineligible for relief because the opinion in his direct appeal clearly stated he was the actual killer.

## FACTUAL BACKGROUND

In its opinion resolving Smith's direct appeal, this court summarized the facts underlying his convictions as follows: "The record established that, on March 29, 1984, [Smith] approached the proprietor of a catering truck and demanded money at gunpoint. The proprietor resisted and [Smith] killed him with multiple gunshot wounds to the head."

## DISCUSSION

### I.     Governing Law: SB 1437 and Section 1170.95

The Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437) "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); accord, § 189, subd. (e); *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)

SB 1437 also added section 1170.95 to the Penal Code. (Stats. 2018, ch. 1015, § 4.) This section permits individuals who

were convicted of felony murder or murder under a natural and probable consequences theory, but who could not be convicted of murder following SB 1437's changes to sections 188 and 189, to petition the sentencing court to vacate the conviction and resentence on any remaining counts. (§ 1170.95, subd. (a).) A petition for relief under section 1170.95 must include a declaration by the petitioner that he or she is eligible for relief under section 1170.95 based on all the requirements of subdivision (a), the superior court case number and year of the petitioner's conviction, and a request for appointment of counsel, should the petitioner seek appointment. (§ 1170.95, subd. (b)(1).)

Subdivision (c) of section 1170.95 provides: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." Subdivision (c) describes "only a single prima facie" stage of review. (*Lewis*, *supra*, 11 Cal.5th at p. 962.) Under subdivision (c), "a complying petition is filed; the court appoints counsel, if requested; the issue is briefed; and then the court makes one . . . prima facie determination." (*Lewis*, *supra*, at p. 966, fn. omitted.)

"If the trial court determines that a prima facie showing for relief has been made, the trial court issues an order to show cause, and then must hold a hearing 'to determine whether to

vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not . . . previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence.' (§ 1170.95, subd. (d)(1).)" (*Lewis*, *supra*, 11 Cal.5th at p. 960.) At the hearing, the parties may rely on the record of conviction or present "new or additional evidence" to support their positions, and "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3).)

## II.    Analysis

The trial court was correct that Smith is ineligible for section 1170.95 relief as a matter of law. As the court correctly noted in its settled statement, this court's opinion resolving Smith's direct appeal shows he was the actual killer. (See *Lewis*, *supra*, 11 Cal.5th at p. 971 ["The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless."]; *id.* at p. 972 ["Appellate opinions . . . are generally considered to be part of the record of conviction."]; *id.* at p. 959 [SB 1437 "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is *not the actual killer* . . . ." Italics added.].) Because the record of conviction demonstrates Smith is ineligible for relief as a matter of law, we reject his contentions that the court violated state law and federal due process by not issuing an order to show cause and holding an evidentiary hearing.

Smith is correct that the trial court erred under state law by not granting his request to have counsel appointed. (*Lewis*, *supra*, 11 Cal.5th at pp. 966, 972-973.) The question is whether that error was harmless. (*Id.* at pp. 973-974.) More specifically, the inquiry is whether Smith can demonstrate """it is reasonably probable that if [he . . .] had been afforded assistance of counsel his . . . petition would not have been summarily denied without an evidentiary hearing.'" [Citation.]" (*Id.* at p. 974.) Because the record demonstrates Smith was ineligible for relief as a matter of law, we conclude he cannot satisfy his burden of showing prejudice. The failure to appoint counsel was therefore harmless. (*People v. Mancilla* (2021) 67 Cal.App.5th 854, 864.)

In a supplemental letter brief, Smith asks this court to apply Senate Bill No. 775 (2021-2022 Reg. Sess.) (SB 775) to his case. Effective January 1, 2022, SB 775 amended section 1170.95 in various ways. One of the ways SB 775 altered the statute was by more explicitly codifying the holding of *Lewis* that counsel must be appointed upon the petitioner's request. (See Stats. 2021, ch. 551 ["Th[is] bill would require the court to appoint counsel, upon the petitioner's request, when receiving a petition in which the required information is set forth or readily ascertainable by the court."]; § 1170.95, subd. (b)(3) ["Upon receiving a petition in which the information required by this subdivision is set forth or a petition where any missing information can readily be ascertained by the court, if the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner."].) However, SB 775 does not override the Supreme Court's conclusion in *Lewis* that harmless error analysis applies to the failure to appoint counsel. SB 775 therefore does not alter the resolution of Smith's case. As explained above, because Smith is

6

ineligible for relief as a matter of law, the failure to appoint counsel was harmless error. (*People v. Mancilla*, *supra*, 67 Cal.App.5th at p. 864.)

## DISPOSITION

The order denying Smith's section 1170.95 petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, J.

We concur:

MANELLA, P.J.

WILLHITE, J.